UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JAVON GORDON,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, P.O. FERNANDO
GARCIA, individually, P.O. JOHNATHAN ARIAS
Shield No. 329, individually, and John and Jane Doe
Police Officers 1-10,

                                        Defendants.

------------------------------------------------------------------- x

**ANSWER TO COMPLAINT
ON BEHALF OF CITY OF
NEW YORK, P.O.
JONATHAN ARIAS and
FERNANDO GARCIA**

15-CV- 6365 (ARR)(VMS)

**<u>JURY TRIAL DEMANDED</u>**

      Defendants City of New York, P.O. Arias and P.O. Garcia, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

      1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

      2.  Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

      3.  Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

      4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

      5.  State that the allegations set forth in paragraph "5" of the complaint are not averments of fact that require a response.

6.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.   Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

8.   Deny the allegations set forth in paragraph "8" of the complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between Defendant City and the New York City Police Department.

9.   Deny the allegations set forth in paragraph "9" of the complaint, except admit that Officers Arias and Garcia are employees of the New York City Police Department and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to unidentified defendants.

10. Deny the allegations set forth in paragraph "10" of the complaint and further state that "acting under color of state law" is a legal conclusion to which no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint and further state that "acting within the scope of their employment" is a legal conclusion to which no response is required.

12. Admit the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admit that the vehicle was stopped near Broadway and Hewes in Brooklyn, NY.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff and Jody Gordon were asked to leave the vehicle.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Admit the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Admit the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint,.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint, and refer the Court to the case referenced therein for an accurate recitation of its contents.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint and further state that acting "under color of state law" is a legal conclusion to which no response is required.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint and further state that acting "under color of state law" is a legal conclusion to which no response is required.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint and further state that acting "under color of state law" is a legal conclusion to which no response is required.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint, and further state that acting "under color of state law" is a legal conclusion to which no response is required.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. In response to the allegations set forth in paragraph "65" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

66. Deny the allegations set forth in paragraph "66" of the complaint and further state that acting "under color of state law" is a legal conclusion to which no response is required.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

71. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

72. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

73. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States, the State of New York or any political subdivision thereof.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

74. To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et sep.*

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

75. Punitive damages may not be assessed against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

76. There was probable cause for plaintiff's arrest and prosecution and detention.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

77. Defendants Garcia and Arias have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

Dated:        New York, New York
              January 29, 2016


                          ZACHARY W. CARTER
                          Corporation Counsel of the City of New York
                          *Attorney for Defendants City and Cancelino*
                          100 Church Street, Room 3-206
                          New York, New York 10007
                          (212) 356-3271

                          By:    _____/s/_____
                                 Okwede N. Okoh
                                 Special Assistant Corporation Counsel

TO:    **BY ECF**
       Ryan Lozar, Esq.