UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JAVON GORDON,

                              Plaintiff,

                   -against-

CITY OF NEW YORK, Police Officer Fernando
Garcia, Shield No. 14817, individually, Police
Officer Jonathan Arias, Shield No. 320,
individually, Police Officer Daniel Campbell, Tax
No. 932403, individually, Police Officer Bijou
Matthew, Tax No. 938960, individually,

                          Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED
COMPLAINT**

Jury Trial Demanded

15-CV-6365 (ARR) (LB)

## <u>NATURE OF THE ACTION</u>

       1.     This is an action to recover money damages arising out of the violation
of Plaintiff Javon Gordon's ("Mr. Gordon") rights under the Fourth, Fifth, Sixth and
Fourteenth Amendments of the United States Constitution.

## <u>JURISDICTION AND VENUE</u>

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the
Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United
States.

       3.     This Court's jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343.

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). The incident in question took place in this District, specifically Kings County.


**JURY DEMAND**

5.      Mr. Gordon demands a trial by jury in this action pursuant to Federal Rule of Civil Procedure ("FRCP") 38.

**PARTIES**

6.      At the time of the incident in question, which took place in Kings County, New York, Mr. Gordon resided in Portchester, New York, in Westchester County.  Mr. Gordon presently lives in York, Pennsylvania.

7.      Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant City of New York maintains the New York City Police Department (hereinafter "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the City of New York.

9.      Defendant NYPD Officer Fernando Garcia ("Officer Garcia"), Shield No. 14817, Defendant NYPD Officer Jonathan Arias ("Officer Arias"), Shield No.

320, NYPD Officer Daniel Campbell, Tax No. 932403, NYPD Officer Bijou Matthew, Tax No. 943272, at all times relevant herein, were duly sworn officers, employees and agents of the NYPD and were acting under the supervision of said department and according to their official duties.  Individual Defendants are sued in their individual capacities.

10.     That at all times hereinafter mentioned Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the Individual Defendants were done by said Defendants while acting within the scope of their employment by Defendant City of New York.

## STATEMENT OF FACTS

12.     On January 31, 2013, Mr. Gordon was in a vehicle with his cousin Jody Gordon and his sister Quintara Gordon.

13.     Mr. Gordon, Jody and Quintara stopped to pick up Jody's girlfriend Etiene from her home in Kings County.

14.     Jody pulled the vehicle away from Etiene's home after Etiene joined the group.

15.     Roughly five minutes later, Individual Defendants turned on their red and blue flashing lights and pulled the vehicle over near the corner of Hewes and Broadway in Kings County.

16.     Individual Defendants allegedly pulled the vehicle over for failure to signal.  The two other Individual Defendants were on the scene as well.

17.     One of the Individual Defendants ordered Jody, who was driving, and Mr. Gordon, who was sitting in the vehicle's back seat on the driver's side, out of the vehicle.

18.     Jody and Mr. Gordon complied.

19.     Another Individual Defendant went to the passenger side of the vehicle. Etiene was sitting in the front passenger seat and Quintara was sitting in the rear passenger seat.

20.     The Individual Defendant who went to the passenger side searched Etiene and found heroin in Etiene's clothes or pocketbook.

21.     Mr. Gordon did not know about the heroin purportedly found in Etiene's possession, nor did Mr. Gordon have any way of knowing.

22.     The Individual Defendants arrested Mr. Gordon, Jody, Etiene and Quintara and took them to the precinct.  All Individual Defendants knew that the alleged narcotic had been found on Etiene's person.

23.     The Individual Defendants falsely stated to the District Attorney's

Office that the heroin recovered from Etiene's clothes or pocketbook was in plain view in the car.  This was not true.

24.    Due to the Individual Defendants' false statement, Mr. Gordon, Quintara and Etiene were charged with possession of heroin.

25.    At arraignment, the state court judge set Mr. Gordon's bail at $50,000.00.

26.    Unable to make bail, Mr. Gordon spent approximately one week incarcerated at Rikers Island.

27.    On February 15, 2013, a state court judge released Mr. Gordon on his own recognizance.

28.    Mr. Gordon had approximately four court appearances.

29.    On August 30, 2013, the charges against Mr. Gordon and Quintara were dismissed under the New York speedy trial law.

30.    On information and belief, Etiene was convicted of the charges.

31.    Mr. Gordon suffered damages as a result of Defendants' actions. Defendants unconstitutionally deprived Mr. Anthony of his liberty, deprived him of a fair trial, damaged his reputation and caused him emotional trauma.

32.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees,

and due to a custom, policy and/or practice of: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and maliciously prosecuting those individuals.

33.    The aforesaid incident is not an isolated incident.  The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts.  As a result, Defendant City of New York is aware (from said lawsuits as well as notices of claims and complaints filed with the NYPD's Internal Affairs Bureau and the CCRB) that many NYPD officers, including the Defendants, arrest individual persons in order to meet productivity goals and arrest quotas; arrest individuals for professional advancement, overtime compensation and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification of evidence in an attempt to justify the false arrest.

34.    The Honorable Jack B. Weinstein, United States District Judge for the Eastern District of New York, has written that

> [i]nformal inquiry by the [C]ourt and among judges of this
> [C]ourt, as well as knowledge of cases in other federal and
> state courts, has revealed anecdotal evidence of repeated,
> widespread falsification by arresting police officers of the
> [NYPD] . . . [T]here is some evidence of an attitude among
> officers that is sufficiently widespread to constitute a
> custom or policy by the [C]ity approving illegal conduct of
> the kind now charged.

Colon v. City of N.Y., Nos. 9 Civ. 8, 9 Civ. 9, 2009 WL 4263362, at *2 (E.D.N.Y.

November 25, 2009).

35.    Former Deputy Commissioner Paul J. Browne, as reported in the press

on January 20, 2006, stated that NYPD commanders are permitted to set

"productivity goals," permitting an inference of such a custom or policy encouraging

deprivations of individuals' constitutional rights in cases such as this one.

36.    Defendant City of New York is thus aware that its improper training and

customs and policies have often resulted in a deprivation of individuals' constitutional

rights.  Despite such notice, Defendant City of New York has failed to take corrective

action.  This failure caused Individual Defendants in this case to violate Mr. Gordon's

constitutional rights.

37.    Moreover, on information and belief, Defendant City of New York was

aware, prior to the incident, that the Individual Defendants lacked the objectivity,

temperament, maturity, discretion and disposition to be employed as police officers.

Despite such notice, Defendant City of New York has retained these officers, and failed to adequately train and supervise them.

38.    All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

39.    All of the aforementioned acts deprived Mr. Gordon of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

40.    The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, pursuant to the customs, usages, practices, procedures and the rules of the Defendant City of New York and the NYPD, all under the supervision of ranking officers of said department.

41.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

42.     As a result of the foregoing, Mr. Gordon is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## FIRST CLAIM
## 42 U.S.C. § 1983

43.     Mr. Gordon repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

44.     Defendants, by their conduct toward Mr. Gordon alleged herein, violated Mr. Gordon's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

45.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Gordon of his constitutional rights.

46.     As a direct and proximate result of Defendants' unlawful conduct, Mr. Gordon sustained the damages hereinbefore alleged.

## SECOND CLAIM
## FALSE ARREST

47.     Mr. Gordon repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

48.     Defendants violated the Fourth and Fourteenth Amendments because they arrested Mr. Gordon without cause.

49.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Gordon of his constitutional rights.

50.     As a direct and proximate result of Defendants' unlawful conduct, Mr. Gordon sustained the damages hereinbefore alleged.

## THIRD CLAIM
## MALICIOUS PROSECUTION

51.     Mr. Gordon repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

52.     Defendants violated Mr. Gordon's right under 42 U.S.C. § 1983 to be to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

53.     Defendants' prosecution of Mr. Gordon constituted malicious prosecution in that there was no basis for Mr. Gordon's arrest, yet Defendants continued with malice with the prosecution, which was resolved in Mr. Gordon's favor.

54.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Gordon of his constitutional rights.

55.     As a direct and proximate result of Defendants' unlawful conduct, Mr. Gordon sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

56.     Mr. Gordon repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

57.     The Individual Defendants created false evidence against Mr. Gordon.

58.     The Individual Defendants forwarded false evidence to prosecutors in the District Attorney's Office.

59.     In creating false evidence against Mr. Gordon, and in forwarding false evidence to prosecutors, the Individual Defendants violated Mr. Gordon's constitutional right to a fair trial under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

60.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Gordon of his constitutional rights.

61.     As a direct and proximate result of Defendants' unlawful conduct, Mr. Gordon sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## FAILURE TO INTERVENE

62.     Mr. Gordon repeat and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

63.     Individual Defendants actively participated in the aforementioned unlawful conduct but also observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

64.     Accordingly, Individual Defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

65.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Gordon of his constitutional rights.

66.     As a direct and proximate result of Defendants' unlawful conduct, Mr. Gordon sustained the damages hereinbefore alleged.

## SIXTH CLAIM
## MONELL CLAIM

67.     Mr. Gordon repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

68.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

69.     The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to, the inadequate screening, hiring, retaining, training and supervising of its employees that was the moving force behind the violation of Mr. Gordon's rights as described herein.  As a result of the failure of the Defendant City of New York to properly recruit, screen, train, discipline and supervise its officers, including the Individual Defendants, Defendant City of New York has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

70.     The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse

of authority in falsely arresting, unlawfully stopping and maliciously prosecuting those individuals.

71.    The foregoing customs, policies, usages, practices, procedures and rules of the Defendant City of New York and the NYPD constituted deliberate indifference to Mr. Gordon's safety, well-being and constitutional rights.

72.    The foregoing customs, polices, usages, practices, procedures and rules of Defendant City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by Mr. Gordon as described herein.

**PRAYER FOR RELIEF WHEREFORE**, Mr. Gordon respectfully request the following relief:

A. An order entering judgment for Mr. Gordon against Defendants on each of their claims for relief;

B. Awards to Mr. Gordon for compensatory damages against all Defendants, jointly and severally, for their violation of the Fourth, Fifth, Sixth and Fourteenth Amendment rights of Mr. Gordon, the amount to be determined at jury trial, which Mr. Gordon respectfully demands pursuant to FRCP 38;

C. Awards to Mr. Gordon of punitive damages against Defendants on the basis of their conscious wrongdoing and callous indifference to the constitutional

rights and welfare of Mr. Gordon, the amount to be determined at jury trial, which Mr. Gordon respectfully demands pursuant to FRCP 38;

       D. Awards to Mr. Gordon of the costs of this action, including reasonable attorneys' fees;

       E. Such further relief as this Court deems just and proper.

DATED:     March 31, 2016
            New York, New York


                                    /s
                                  Ryan Lozar
                                  305 Broadway, 9th Floor
                                  New York, New York 10007
                                  (310) 867-1562
                                  ryanlozar@gmail.com

                                  *Attorney for Plaintiff*